IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASSEL Q. BARNETT

      Plaintiff,

v.                         CASE NO.:  8:23-cv-01017-MSS-CPT

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC, EQUIFAX INFORMATION
SERVICES, LLC, RECEIVABLES MANAGEMENT
PARTNERS, LLC, TRAX FEDERAL CREDIT UNION,
POSSIBLE FINANCIAL, INC., AUSTIN CAPITAL
BANK, VERIZON COMMUNICATIONS, INC., POLK
AUTO FINANCE, INC., and BANK OF MISSOURI

      Defendants.

_____/

## DEFENDANT TRAX CREDIT UNION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, TRAX FEDERAL CREDIT UNION ("TRAX"), by and through their undersigned counsel, and submits their Answer and Affirmative Defenses to the Complaint filed against them by Plaintiff VASSEL Q. BARNETT, and alleges:

### JURISDICTION AND VENUE

1.  Defendant admits that this action alleges violations under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, but denies violations of all and therefore denies the allegations as set forth in this paragraph.

2. Defendant admits that the venue of this Court has been alleged as proper, however, this paragraph calls for a legal conclusion and therefore requires no response.

## PARTIES

3. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

4. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

5. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

6. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

7. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

8. Admitted.

9. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

10. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

11. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

12. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

13. Defendant has insufficient information to admit or deny the truth of the allegations contained in this paragraph and therefore denies these allegations.

## DEMAND FOR JURY TRIAL

14. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

## FACTUAL BACKGROUND

15. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

16. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

17. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

18. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

19. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

20. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

21. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

22. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

23. Defendant lacks sufficient knowledge to admit or deny these allegations, therefore these allegations are denied.

## ALLEGATIONS INVOLVING EXPERIAN

24. Defendant repeats and reasserts its responses to paragraphs 1-24 above with the same force and effect herein.

25 – 44. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

45. Defendant repeats and reasserts its responses to paragraphs 1-44 above with the same force and effect herein.

46 – 54. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

55.     Defendant repeats and reasserts its responses to paragraphs 1-54 above with the same force and effect herein.

56-64. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## ALLEGATIONS INVOLVING TRANSUNION

65.     Defendant repeats and reasserts its responses to paragraphs 1-24 above with the same force and effect herein.

66 – 85. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied

**COUNT 3**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant TransUnion)

86.     Defendant repeats and reasserts its responses to paragraphs 1-24 and 65-85 above with the same force and effect herein.

87-95. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant TransUnion)

96.     Defendant repeats and reasserts its responses to paragraphs 1-24 and 65-95 above with the same force and effect herein.

97-105. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## **ALLEGATIONS INVOLVING EQUIFAX**

106.   Defendant repeats and reasserts its responses to paragraphs 1-24 above with the same force and effect herein.

107 – 124. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied

## **COUNT 5**
## **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Equifax)

125.   Defendant repeats and reasserts its responses to paragraphs 1-24 and 106-124 above with the same force and effect herein.

126-134. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## **COUNT 6**
## **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Equifax)

135.   Defendant repeats and reasserts its responses to paragraphs 1-24 and 106-134 above with the same force and effect herein.

136-144. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant RMP)

145.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

146-160. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant RMP)

161.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 145-160 above with the same force and effect herein.

162-170. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 9
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TRAX)

171.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

172. Admitted.

173. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

## COUNT 10
## <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant TRAX)

187.    Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 171-186 above with the same force and effect herein.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

## COUNT 11
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Possible Financial)

197.    Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

198-212. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Possible Financial)

213.    Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 197-212 above with the same force and effect herein.

214-222. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 13
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Austin Capital)

223.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

224–238. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 14
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Austin Capital)

239.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 223-238 above with the same force and effect herein.

240-248. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 15
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Verizon)

249.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

250-264. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 16
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Verizon)

265.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 249-264 above with the same force and effect herein.

266-274. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 17
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Polk Auto)

275.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

276-290. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 18
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Polk Auto)

291.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 275-290 above with the same force and effect herein.

292-300. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 19
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Bank of Missouri)

301.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85 and 106-124 above with the same force and effect herein.

302-316. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## COUNT 20
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Bank of Missouri)

317.   Defendant repeats and reasserts its responses to paragraphs 1-44, 65-85, 106-124 and 301-316 above with the same force and effect herein.

318-326. These paragraphs are not directed to this answering Party; to the extent these paragraphs implicate TRAX FEDERAL CREDIT UNION, denied.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, TRAX asserts the following defenses without conceding that it bears the burden of persuasion as to any of them.

## FIRST DEFENSE
## FAILURE TO STATE A CLAIM

Plaintiff fail to set forth facts sufficient to entitle Plaintiff to relief or to state a claim upon which relief may be granted.

## SECOND DEFENSE
## TRUTH AND ACCURACY OF INFORMATION

All claims against TRAX are barred because all information TRAX communicated to any third person regarding Plaintiff was true.

## THIRD DEFENSE
## FAILURE TO MITIGATE

Any alleged damages sustained by Plaintiff are barred to the extent that Plaintiff failed to mitigate their alleged damages.

## FOURTH DEFENSE
## CONTRIBUTORY AND COMPARATIVE FAULT

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself or other parties and resulted from Plaintiff's or other parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

## FIFTH DEFENSE
## COMPLIANCE WITH LEGAL REQUIREMENTS

Defendant maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Defendant furnishes accurate information and conducts reasonable reinvestigations within the meaning of the FCRA. Defendant has at all times complied with all applicable statutory, regulatory, and common law requirements, and accordingly, Plaintiff's

claims are barred by Defendant's compliance with all applicable State, Federal, and local laws and regulations.

## SIXTH DEFENSE
## ESTOPPEL

Any damages which Plaintiff may have suffered, which Defendant continue to deny, were the direct and proximate result of Plaintiff's conduct. Therefore, Plaintiff is estopped and barred from recovering any damages.

## SEVENTH DEFENSE
## PUNITIVE DAMAGES

Plaintiff's claim for punitive damages fails to state a claim for relief for punitive damages. Further, Plaintiff do not allege facts sufficient to rise to the level of conduct required to recover punitive damages.

## EIGHTH DEFENSE
## LACK OF STANDING

Plaintiff lacks standing to recover for his claims because he has not pled sufficient facts showing an injury in fact that is fairly traceable to this Defendant's conduct and thus, are likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 136 S.Ct. 1540 (2016).

## JURY DEMAND

Defendant TRAX demands trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant TRAX respectfully prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint, that the Court specifically deny Plaintiff all relief sought in their Prayer for Relief, and that this action be dismissed in its entirety;

(2)    For costs of suit and attorney's fees incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Christopher L. Welter*

CHRISTOPHER L. WELTER, ESQUIRE
Florida Bar No.: 93143
JENNIFER L. MARINO, ESQUIRE
Florida Bar No.: 12852
LITCHFIELD CAVO, LLP
4200 W. Cypress Street, Suite 450
Tampa, FL 33607
(813) 289-0690;Fax: (813) 289-0692
welter@litchfieldcavo.com
marino@litchfieldcavo.com
laliberte@litchfieldcavo.com
bisnett@litchfieldcavo.com
*Attorneys for Defendant, Trax Credit Union*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** on May 31, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court:

Jennifer G. Simil, Esq.
Florida Bar No: 1018195
Jibrael S. Hindi, Esq.
Florida Bar No: 118259
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Email:  jen@jibraellaw.com; jibrael@jibraellaw.com
Attorney for the Plaintiff


/s/ *Christopher L. Welter*
Christopher L. Welter, Esq.